# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LUNA LATOYA BEY, et al.

                Plaintiffs,    :    Case No. 3:21-cv-124

                                    District Judge Walter H. Rice
- vs -                        Magistrate Judge Michael R. Merz

SHERRIFF ROBERT MICHAEL STRECK,

                Defendant.    :

## REPORT AND RECOMMENDATION

Luna LaToya Bey and Alladin Moroc Bey brought this action against Montgomery County Sheriff Robert Streck April 21, 2021 (Complaint, ECF No. 1). The Complaint (which contains no allegations at all against Sherriff Streck or anyone else) was not accompanied by the required filing fee or an application to proceed *in forma pauperis*. After the case was referred to United States Magistrate Peter B. Silvain, Jr., he ordered the Plaintiffs to pay the filing fee or show cause why they should be permitted to proceed *in forma pauperis* or face dismissal for want of prosecution (ECF No. 5).

On August 26, 2021, Plaintiffs filed their response which they labeled "Affidavit of Fact – Writ of Error" ("Affidavit," ECF No. 6) which is now before the Court for a determination of whether it shows the required cause. The Magistrate Judge reference in the case has now been transferred to the undersigned to help balance the Magistrate Judge workload in the District

1

(Transfer Order, ECF No. 7). The Affidavit bears a signature line for both Plaintiffs but is unsigned; it speaks throughout in the first person. Although labeled an affidavit, it is unsworn. Plaintiffs claim to be "Moorish National Aboriginal, Indigenous Natural Persons" and therefore "Sovereign to this Land and as such, this Administrative Court does not have lawful jurisdiction to hear, present, or pass judgment in any matter concerning my affairs under a quasi-criminal non sanctioned tribunal of foreign private law process." (ECF No. 6, PageID 20). At the same time as the Plaintiffs deny the Court's jurisdiction over them, they seek to invoke that jurisdiction over the Sherriff and claim as their due process right free access to this Court.

There is no constitutional right of free access to this Court, the United States District Court of the Southern District of Ohio. This is not an "administrative court," but a federal trial court created by Congress under Article III of the Constitution. To initiate a civil action in this Court, a person must pay the filing fee prescribed by the Judicial Conference of the United States. 28 U.S.C. § 1914. In lieu of doing so, a plaintiff may obtain permission from the Court to proceed *in forma pauperis*. 28 U.S.C. § 1915 which requires an application including a list of assets and liabilities.

In response to Magistrate Judge Silvain's[1] Order to Show Cause, Plaintiffs have neither paid the filing fee nor submitted the required application. As to a showing that they are indeed unable to pay the filing fee, they posit that the only method of payment is gold or silver coin, of which they say they have none.

Because Plaintiffs have neither paid the filing fee nor submitted satisfactory application to proceed *in forma pauperis*, it is respectfully recommended that this case be dismissed without prejudice for lack of prosecution.

---

[1] Peter B. Silvain, Jr., is a United States Magistrate Judge holding office under 28 U.S.C. § 636(a), and not a deputy clerk as suggested in Plaintiffs' "Affidavit."

March 3, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.